UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **BRETT ZBIKOWSKI, ET AL** | **CIVIL ACTION** |
| **VERSUS** | **NO: 20-2183** |
| **TIMOTHY TAYLOR** | **SECTION: "S" (3)** |

ORDER AND REASONS

**IT IS HEREBY ORDERED** that the **Motion to Dismiss Plaintiffs' Claims for Recovery of Economic Damages, Closing Costs, and Mortgage Interest pursuant to Federal Rule of Civil Procedure 12(b)(6)** (Rec. Doc. 5) filed by defendant, Timothy Taylor, is **GRANTED**;

**IT IS FURTHER ORDERED** that the **Motion for More Definite Statement** (Rec. Doc. 6) filed by defendant, Timothy Taylor, is **DISMISSED** as moot;

**IT IS FURTHER ORDERED** that the alternative **Rule 12(b)(6) Motion to Dismiss** (Rec. Doc. 6) filed by defendant, Timothy Taylor, is **DENIED**.

BACKGROUND

This is a redhibition case arising from the sale of immovable property located at 1518 First Street, New Orleans, Louisiana (the "Property") from defendant, Timothy Taylor, to plaintiffs, Brett Zbikowski and Gia Lagrippe. Plaintiffs filed suit in Civil District Court for the Parish of Orleans alleging that defendant fraudulently misrepresented the property and concealed redhibitory defects, particularly the property's susceptibility to flooding. They also allege that defendant misrepresented the square footage of the property.

Defendant removed the case to federal court based on diversity jurisdiction and has now moved to dismiss certain claims pursuant to Federal Rule of Civil Procedure 12(b)(6), and for a more definite statement under Federal Rule 12(e), or alternatively to dismiss.

## DISCUSSION

**I. Motion to Dismiss**

The existence of a redhibitory defect gives a buyer the right to obtain rescission of the sale or a reduction of the price. LA. CIV. CODE art. 2520. Hernandez v. Chisesi Investments, L.L.C, 164 So.3d 912, 916 (La. Ct. App. 5th Cir. 2014). In this case, plaintiffs have specifically disavowed a claim for rescission. Thus, if successful, they are entitled to damages in the form of a reduction in purchase price.

Defendant seeks dismissal of plaintiffs' claims for recovery of economic damages in the form of repair costs, closing costs, and mortgage interest.[1] Defendant argues that because plaintiffs seek these economic damages in addition to a reduction in price, they are seeking an impermissible double recovery.

While plaintiffs contend that they are entitled to a reduction in the purchase price greater than the cost of repairs, they concede that they are not entitled to both the repair costs and the reduction in the purchase price. Plaintiffs further acknowledge that they are not entitled to the recovery of mortgage interest and closing costs.

Accordingly, plaintiffs' claims for economic damages in the form of repair costs, closing

---

[1] Plaintiffs' redhibition claims related to flooding of the Property are not the subject of this motion.

costs, and mortgage interest are dismissed.

**II. Motion for More Definite Statement, or in the Alternative, to Dismiss**

Defendant has acknowledged that his Rule 12(e) motion is moot,[2] but maintains he is entitled to his requested alternative relief, dismissal under Rule Federal Rule of Procedure 12(b)(6). Defendant argues that because plaintiffs' allegations concerning the misrepresentation of square footage sound in fraud and the fraud allegations are not pleaded with sufficient particularity as required by Federal Rule 9(b), they must be dismissed. Defendant contends that allowing plaintiffs to amend to adequately plead the fraud claim would be futile, because plaintiffs were aware of the alleged defect and fraudulent misrepresentation prior to the sale.

Rule 9(b) requires that "[i]n alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake." FED. R. CIV. P. 9(b). "[S]tate-law fraud claims are subject to the pleading requirements of Rule 9(b)." Dorsey v. Portfolio Equities, Inc., 540 F.3d 333, 338-39 (5th Cir. 2008). "A dismissal for failure to state fraud with particularity as required by Rule 9(b) is a dismissal on the pleadings for failure to state a claim. . . ." Flaherty & Crumrine Preferred Income Fund, Inc. v. TXU Corp., 565 F.3d 200, 206 (5th Cir. 2009). "Rule 9(b) states that 'in alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake.'" Id. at 206-07. "Rule 9(b) does not 'reflect a subscription to fact pleading' and requires only 'simple, concise, and direct' allegations of the 'circumstances constituting fraud,' which after Twombly must make relief plausible, not merely conceivable, when taken as true." U.S. ex rel Grubbs v. Kanneganti, 565 F.3d 180, 186 (5th Cir.

---

[2] Rec. Doc. 14, p. 5.

2009). "The frequently stated, judicially-created standard for a sufficient fraud complaint . . . instructs a plaintiff to plead the time, place and contents of the false representation, as well as the identity of the person making the misrepresentation and what that person obtained thereby." Id. (internal quotation and citation omitted).

In considering a motion to dismiss for failure to state a claim, a district court may consider only the contents of the pleading and the attachments thereto. Collins v. Morgan Stanley Dean Witter, 224 F.3d 496, 498 (5th Cir. 2000) (citing FED. R. CIV. P. 12(b)(6)). It "may also consider documents attached to either a motion to dismiss or an opposition to that motion when the documents are referred to in the pleadings and are central to a plaintiff's claims." Brand Coupon Network, L.L.C. v. Catalina Mktg. Corp., 748 F.3d 631, 635 (5th Cir. 2014).

Considering the petition, the court determines that the plaintiffs have adequately pleaded that defendant defrauded them by misrepresenting the actual square footage of the Property prior to the sale. Further, defendant's argument that even if adequately pleaded, plaintiffs' fraud claims are subject to dismissal, relies on documents outside the pleadings that are not attached to the petition, the motion to dismiss, or the opposition. Thus, the facts before the court do not establish a proper ground for dismissal under Rule 12(b)(6). Accordingly, defendant's alternative motion to dismiss is denied. Therefore,

**IT IS HEREBY ORDERED** that the **Motion to Dismiss Plaintiffs' Claims for Recovery of Economic Damages, Closing Costs, and Mortgage Interest pursuant to Federal Rule of Civil Procedure 12(b)(6)** (Rec. Doc. 5) filed by defendant, Timothy Taylor, is **GRANTED**;

**IT IS FURTHER ORDERED** that the **Motion for More Definite Statement** (Rec. Doc. 6) filed by defendant, Timothy Taylor, is **DISMISSED** as moot;

**IT IS FURTHER ORDERED** that the alternative **Rule 12(b)(6) Motion to Dismiss** (Rec. Doc. 6) filed by defendant, Timothy Taylor, is **DENIED**.

New Orleans, Louisiana, this 8th day of January, 2021.

_____
MARY ANN VIAL LEMMON
UNITED STATES DISTRICT JUDGE